Matter of Tucker v City of New York (2022 NY Slip Op 06647)

Matter of Tucker v City of New York

2022 NY Slip Op 06647

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 155933/22 Appeal No. 16509&M-3320 Case No. 2022-03313 

[*1]In the Matter of Tamara Tucker et al., Petitioners-Respondents,
v
The City of New York et al., Respondents-Appellants. New York Civil Liberties Union Foundation, Amicus Curiae.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Richard Dearing of counsel), for appellants.
Advocates For Justice, New York (Arthur Z. Schwartz and Laura D. Barbieri of counsel), for respondents.
New York Civil Liberties Union Foundation, New York (Stephanie D. Coyle of counsel), for Amicus Curiae.

Judgment (denominated order), Supreme Court, New York County (Lyle E. Frank), entered August 5, 2022, which granted the petition brought pursuant to CPLR article 78, vacated so much of respondent The City of New York's budget for fiscal year 2023 as it relates to funding of The New York City Department of Education (DOE) and ordered spending levels to revert to prior levels pending a new vote on the fiscal year 2023 budget by the Mayor and the New York City Council, unanimously modified, on the law, to the extent of reinstating The City of New York's budget for fiscal year 2023 as it relates to funding the DOE and declaring that DOE's Violations of Education Law §§ 2590-g and 2590-q are unlawful and that, going forward, respondents are ordered to comply with these statutes, and otherwise affirmed, without costs.
This proceeding arises from the passage of the fiscal year 2023 (FY23) DOE budget through the City Council without prior approval of the Board of Education, known as the Panel for Education Policy (PEP), and before the DOE Chancellor provided estimated expenses of the school district to the Mayor. Petitioners-respondents successfully proved in the motion court their claim that respondents-appellants failed to comply with lawful procedures set out in Education Law §§ 2590-g and 2590-q (see CPLR 7803[3]). A plain reading of the statutes show that the PEP has a statutory duty to consider and approve the estimated budget before the Chancellor of the DOE provides it to the Mayor (Education Law §§ 2590-g[1], [7], [8], 2590-q[4]; see Matter of New York Pub. Interest Research Group Straphangers Campaign v Reuter, 293 AD2d 160, 164 [1st Dept 2002]). Read in conjunction with the City Charter, the law provides that the DOE's estimated budget should be incorporated into the Mayor's preliminary or executive budget (NYC Charter §§ 231, 236, 249). Indeed, the Assembly's memorandum in support of the 2009 Education Law amendments explains that "[t]he items that require a Board of Education vote prior to implementation are significantly expanded to include . . . the school district budget and capital plan," while "[a] new extensive public review process is created to provide information and require a Board of Education response to public comments prior to the adoption of major proposals including . . . budget" (Assembly Mem in Support of A08903A [2009]). These statutes are clearly intended to provide the public a thorough review process, with maximum community involvement and transparency, before the allocation of education dollars in the City of New York's budget. Thus, the DOE must comply with the procedural requirements set out in the statutes (see e.g. Williamsburg Around the Bridge Block Assn. v Giuliani, 223 AD2d 64, 74 [1st Dept 1996]). In implementing the FY23 budget before the PEP held its hearing, took comments from community members and voted on the estimated budget, respondents failed to follow lawful procedure.
We reject the DOE's contention [*2]that the Chancellor's emergency declaration was a valid exercise of his emergency authority (see Education Law § 2590-g[9]). The admission that virtually identical declarations have been used in at least 11 of the past 13 years supports the conclusion that the DOE is simply avoiding its statutory obligations (cf. Matter of Board of Visitors-Marcy Psychiatric Ctr. v Coughlin, 60 NY2d 14, 19-20 [1983] [upholding one-time emergency declaration that psychiatric facility be converted into correctional facility]).
Contrary to respondents-appellants' contention, this matter is justiciable because petitioners-respondents do not seek intervention in the budget process that would require substitution of the court's judgment "on matters of discretion" (Matter of Korn v Gulotta, 72 NY2d 363, 369 [1988]). Laches also does not bar this proceeding, as petitioners-respondents brought it well within the four-month limitations period and otherwise did not inordinately delay its commencement (see CPLR 217[1]; cf. Matter of Schultz v State of New York, 81 NY2d 336, 348-350 [1993] [11-month delay]). Nor do we find that petitioners lack standing, as "the interest or injury asserted fall[s] within the zone of interests protected by the statute invoked" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991]).
Nevertheless, Supreme Court erred in ordering that spending levels revert to prior levels pending a new vote on the FY23 budget by the New York City Council. It is settled that "courts should not act so as to cause disorder and confusion in public affairs even though there may be a strict legal right" (Matter of King v Cuomo, 81 NY2d 247, 256-257 [1993][internal quotation marks omitted]). While respondents have violated Education Law §§ 2590-g and 2590-q, to require a new vote on the FY23 budget at this point would "have a broad unsettling effect" on the DOE's operations and be detrimental to students and teachers alike (King, 81 NY2d at 256 [internal quotation marks omitted]). We also note that PEP ultimately voted in favor of approving the FY23 budget, even though that vote was taken after the FY23 budget had already been approved by the New York City Council.
Under these circumstances, prospective relief is proper here (see King, 81 NY2d at 256-257; Nichols v Hochul, 206 AD3d 463 [1st Dept 2022]). Accordingly, we declare that the DOE's violations of Education Law §§ 2590-g and 2590-q are unlawful and that, going forward, respondents are ordered to comply with these statutes.
M-3320 — In the Matter of Tamara Tucker et al. v The City of New York et al.
Motion for leave to file an amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022